# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**
### NO. 02-12-00193-CR


ROBERTO AVALOS BELTRAN
A/K/A ROBERTO ABABLOS
BELTRAN

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Roberto Avalos Beltran a/k/a Roberto Abablos Beltran appeals his conviction and eight-year sentence for sexual assault. We affirm.

Appellant's ex-wife testified that while their divorce was pending, he forced her to have sex against her will after coming to her house to talk her out of divorcing him. She had put a recording device in her pocket hoping to gain

----

[1]*See* Tex. R. App. P. 47.4.

information to use against him in the divorce; the audio recording she made was played at trial, and the jury was given an English-version transcript as a jury aid.

The evidence shows that when appellant arrived at the house, he told his ex-wife several times that he would not divorce her, and she repeatedly said that she did not want to be married to him. The evidence also shows that she tried to avoid his physical advances by making excuses and telling him she did not want to be with him. They struggled, and she tried to get out the door, but he pulled her to the floor. She repeatedly told appellant no and begged him to stop, but he told her that she was his wife and that he had the right to have sex with her. She testified that after appellant pulled her to the floor, she tried to get her neighbors' attention, but he covered her mouth with his hand. When she tried to use her phone, he took it from her and threw it. He then forced her to have sex, holding her hands down by her wrists. On the recording, she repeatedly says no and cries out to "Dios."

After appellant left, his ex-wife called the police; one of the responding officers testified that she was visibly upset and crying when he arrived. The officer testified about what she told him that day; the account is consistent with her trial testimony. Additionally, she was examined by a nurse that same day, who testified at trial that she had visible bruising to her hands and wrists consistent with her account of the sexual assault.

Appellant contends that the evidence is insufficient to show that the sex was not consensual; he contends the evidence also showed that his ex-wife is

2

not a legal resident and had a motive to lie so that she could get "some type of legal status" as the victim of a sexual assault.

The essence of appellant's argument is that his ex-wife's testimony was not credible. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 2793 (1979); *Wise*, 364 S.W.3d at 903.

Here, the testimony of appellant's ex-wife—along with the audio recording, nurse examiner's testimony, and testimony of the police officer who responded to her 911 call—were sufficient to support the jury's verdict. *See* Tex. Penal Code Ann. § 22.011(a)(1), (b)(1) (West 2011). We overrule appellant's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL: LIVINGSTON C.J.; DAUPHINOT and MCCOY, JJ.

3

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 16, 2013